IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOSEPH SYKOSKY,
    Petitioner,

vs.                                         Case No.: 3:04cv416/MCR/EMT

JAMES V. CROSBY, JR.,
    Respondent.
_____/

## ORDER, REPORT AND RECOMMENDATION

Now pending is Respondent's motion to dismiss (Doc. 6) the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondent seeks dismissal of the petition on the basis that it was untimely filed pursuant to 28 U.S.C. § 2244(d). Petitioner responded to the motion to dismiss, insisting that the petition was timely filed (Doc. 7). Also pending is Petitioner's Motion for Leave to Correct the Record (Doc. 8) in which Petitioner requests to include in the record a copy of the amended judgment filed in his state criminal case (*see* Doc. 8, attachment).

The procedural background of this case is undisputed. Following a jury trial in the Circuit Court in and for Okaloosa County, Florida, Petitioner was found guilty of two counts of first degree murder with a firearm and two counts of aggravated child abuse (*see* Doc. 6, Ex. D). On May 14, 1996, he was sentenced to two consecutive terms of life imprisonment without parole on the first degree murder counts and two concurrent terms of fifteen (15) years of imprisonment on the aggravated child abuse counts, to run concurrently with the life sentence imposed on one of the first degree murder counts (*id.*, Ex. E). Petitioner appealed his convictions and sentences to the Florida First District Court of Appeals ("First DCA"). On January 23, 1998, the First DCA affirmed per curiam without opinion, with the mandate issuing February 10, 1998 (*id.*, Exs. J, K). Sykosky v. State, 705 So.2d 903 (Table) (Fla. 1st DCA Jan. 23, 1998). Petitioner did not seek certiorari review by the Florida Supreme Court or the United States Supreme Court.

On February 2, 1998, while Petitioner's direct appeal was pending, he filed with the trial court a motion to correct illegal sentence pursuant to Rule 3.800 of the Florida Rule of Criminal Procedure (*id.*, Ex. EE). The trial court denied the motion as procedurally barred on February 6,

2003 (*id.*, Ex. GG). Petitioner appealed the decision to the First DCA, and the appellate court affirmed on May 29, 2003, with the mandate issuing June 24, 2003 (*id.*, Exs. KK, LL). Sykosky v. State, 848 So.2d 314 (Table) (Fla. 1st DCA May 29, 2003).

On February 7, 2000, Petitioner filed a motion for postconviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (*id.*, Ex. L). The trial court denied the motion in a written decision rendered on June 1, 2000 (*id.*, Ex. N). Petitioner appealed the decision to the First DCA, and the appellate court reversed and remanded with instructions that the trial court either attach portions of the record which conclusively refuted Petitioner's allegations or conduct an evidentiary hearing. Sykosky v. State, 770 So.2d 207, 208 (Fla. 1st DCA 2000). On remand, the trial court conducted an evidentiary hearing (Doc. 6, Exs. T, V). Following the hearing, the court denied the postconviction motion (*id.*, Ex. W). Petitioner appealed the decision, and the appellate court affirmed on September 26, 2002, with the mandate issuing October 15, 2002 (*id.*, Exs. BB, CC). Sykosky v. State, 827 So.2d 984 (Table) (Fla. 1st DCA Sep. 26, 2002).

On June 19, 2003, Petitioner filed a second Rule 3.800 motion (Doc. 2, Ex. H; Doc. 6, Ex. XX). On August 4, 2003, the trial court granted the motion in part and vacated Petitioner's convictions and sentences on the aggravated child abuse counts (Doc. 6, Ex. YY). The judgment of conviction was amended on August 14, 2003, to reflect the vacatur (*see* Doc. 2, Ex. B).

On September 18, 2003, Petitioner filed a second Rule 3.850 motion (*id.*, Ex. MM). The trial court dismissed the motion as untimely on October 8, 2003 (*id.*, Ex. NN). Petitioner appealed the decision to the First DCA, and the appellate court affirmed per curiam without opinion on March 17, 2004, with the mandate issuing April 13, 2004 (*id.*, Exs. TT, UU). Sykosky v. State, 871 So.2d 215 (Table) (Fla. 1st DCA Mar. 17, 2004). Petitioner filed a petition for a writ of certiorari with the United States Supreme Court, but the Court denied the petition on October 4, 2004 (*id.*, Ex. WW).

Petitioner filed the instant habeas action on November 18, 2004 (Doc. 1 at 30).

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

In the instant case, Ground Five of Petitioner's federal habeas petition challenges his felony murder convictions on the ground that there was insufficient evidence of commission of the underlying felonies, including the fact that the convictions for the underlying felonies were vacated (*see* Doc. 1 at 24).  As part of the basis for this claim, Petitioner asserts that the underlying felony convictions were vacated by an order of the trial court rendered on August 4, 2003 (*id.* at 28; Doc. 7 at 5).  He contends the statute of limitations must be measured from the date the amended judgment and sentence became final, pursuant to Walker v. Crosby, 341 F.3d 1240 (11th Cir. 2003).

Petitioner's reliance upon Walker is misplaced.  In Walker, the Eleventh Circuit held that the statute of limitations for a habeas application that contains claims challenging the resentencing judgment as well as claims challenging the original judgment of conviction begins to run on the date the resentencing judgment became final and not the date the original judgment became final.  Walker, 341 F.3d at 1246.  In the instant case, Petitioner's habeas petition contains claims challenging only the original judgment of conviction; he does not challenge the resentencing judgment.  Therefore, Walker is inapplicable.[1]

Liberally construing Petitioner's allegations, he alternatively argues that the appropriate statutory trigger is § 2244(d)(1)(D).  Pursuant to that provision, the statute of limitations begins to run on the date on which the factual predicate of the claim asserted in Ground Five could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(D).  Part of the factual predicate of Ground Five is the vacatur of the underlying felony convictions.  *See* Johnson v. United States, ___ U.S. ___, 125 S.Ct. 1571, 1577 (2005) (vacatur of prior state conviction used to enhance federal sentence is matter of fact for purposes of starting one-year limitations period under 28 U.S.C. § 2255).  The order vacating Petitioner's convictions was rendered on August 4, 2003, and mailed to Petitioner via certified mail on that date (*see* Doc. 6, Ex. YY at 226).  Petitioner became aware of the order no later than September 18, 2003, the date of his second Rule 3.850 motion in which

---

[1]Even applying Walker to the facts of the instant case, the instant habeas petition would be untimely. Petitioner did not appeal the amended judgment of conviction, therefore, it became final thirty (30) days after rendition of the judgment. *See* Fla. R. App. P. 9.110(b); Gust v. State, 535 So.2d 642 (Fla. 1st DCA 1988) (if defendant does not appeal conviction or sentence, judgement of conviction and sentence become final when 30 day period for filing appeal expires). In the instant case, the Okaloosa County Circuit Court rendered the amended judgment on August 14, 2003 (*see* Doc. 6, Ex. YY).  *See* Fla. R. App. P. 9.020(h) (order is "rendered" when a signed, written order is filed with the clerk of lower tribunal).  Thus, under Walker, Petitioner's one-year limitations period began to run on September 14, 2003, upon expiration of the 30-day period for filing a notice of appeal, and it expired on September 14, 2004.

Case No.: 3:04cv416/MCR/EMT

he sought relief based on the vacatur (*id*., Ex. MM). Because this date is later than the date upon which Petitioner's conviction became final, this Court concludes that September 18, 2003, is the statutory trigger for the one-year limitations period. Accordingly, Petitioner had one year from that date, or until September 18, 2004, to file his habeas petition with this Court.[2]

The remaining issue is whether the limitations period was tolled pursuant to statutory tolling principles. Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the record shows Petitioner filed a motion for postconviction relief in the state courts on September 18, 2003. However, the motion was dismissed by the state court as untimely and therefore was not "properly filed" within the meaning of section 2244(d)(2). *See* Pace v. DiGuglielmo, ___ U.S. ___, 125 S.Ct. 1807, 1812, 1814 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).") (internal quotation omitted). Petitioner filed no other applications for state post-conviction or other collateral review,[3] therefore, the federal limitations period expired on September 18, 2004, and his petition filed on November 18, 2004, was untimely.

Petitioner does not allege grounds for equitable tolling of the limitations period, however, he contends he is entitled to review of his petition through the actual innocence "gateway" provided by Schlup v. Delo, 115 S.Ct. 851 (1995) (*see* Doc. 7 at 14, Doc. 2 at 5, 20-25). Petitioner contends the "newly discovered evidence" of the vacatur of his convictions for the felonies underlying his felony murder convictions implicates a due process violation that occurred during trial, namely, the lack of sufficient evidence to support the convictions for the underlying felonies.

The Eleventh Circuit has interpreted Schlup, as holding:

> . . . a prisoner attempting to make such a showing [of actual innocence] must raise "new facts" that cast "sufficient doubt upon [his] guilt to undermine confidence in the result of a trial without the assurance that the trial was untainted by constitutional error." In practical terms, this means that the petitioner must show that "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.' To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327, 115 S.Ct. at 867 (quoting Murray v. Carrier, 477 U.S. at 496, 106 S.Ct. at 2649).

Sibley v. Culliver, 377 F.3d 1196, 1205 (11th Cir. 2004).

---

[2] The statute of limitations in section 2244(d)(1) applies to the application as a whole; individual claims within an application may not be reviewed separately for timeliness. Walker v. Crosby, 341 F.3d 1240, 1245 (11th Cir. 2003).

[3] Petitioner's petition for writ of certiorari filed with the United States Supreme Court is not an application for "State post-conviction or other collateral review," and thus did not toll the limitations period. *See* Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000).

In the instant case, Petitioner claims he is not guilty of felony murder because the new evidence of vacatur of his convictions for the underlying felonies proves he was essentially acquitted of the underlying felonies (Doc. 2 at 22). Petitioner suggests that the basis for the vacatur was the lack of evidence of his involvement in the felonies under any theory of complicity (*id*. at 22-23). Petitioner's assertion is disingenuous. The record conclusively establishes that the basis for vacatur of the underlying felony convictions was that his convictions for the underlying felonies and felony murder violated the Double Jeopardy Clause (*see* Doc. 2, Exs. H, I). This new evidence of vacatur of the convictions on Double Jeopardy grounds did not preclude the jury's finding that the victims' deaths occurred as a consequence of and while Petitioner was engaged in the commission of aggravated child abuse, or the deaths occurred as a consequence of and while Petitioner was attempting to commit aggravated child abuse, and that Petitioner was the person who actually killed the victims or the victims were killed by a person other than Petitioner, but both Petitioner and the person who killed the victims were principals in the commission of aggravated child abuse (*see* Doc. 6, Ex. B at 967). *See* Fla. Stndrd. Jury Instr. in Crim. Cases 7.3. Thus, even if the new evidence of vacatur of the convictions had been presented at Petitioner's trial, he has failed to show it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence. Accordingly, he is not entitled to review of his claims through the actual innocence "gateway."

For the aforementioned reasons, it is hereby **ORDERED**:

Petitioner's Motion for Leave to Correct the Record (Doc. 8) is **DENIED** as moot. The document Petitioner seeks to include in the record is already part of the record (*see* Doc. 2, Ex. B).

And it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (Doc. 6) be **GRANTED**.
2. That the petition for writ of habeas corpus (Doc. 1) be **DISMISSED** with prejudice as untimely.

At Pensacola, Florida, this 6th day of June, 2005.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No.: 3:04cv416/MCR/EMT